JAMES, *Appellant*, v. CITY OF KANSAS.

1. **Trespass** : LIMITATIONS. An action for trespass on real estate must be commenced within five years after the cause of action has accrued.

2. ———— : ————. Where the trespass is permanent in its character and the damage is complete on the occurrence of the original act of trespass the statute begins to run from that time.

3. **Continuing Trespass** : PRESCRIPTION. Even in case of a continuing nuisance or trespass, where every such continuance is regarded as affording a new cause of action, the action must be brought before the defendant has acquired a prescriptive right to commit the trespass or to maintain the nuisance by the lapse of such a period as bars plaintiff's entry upon the land.

*Appeal from Jackson Circuit Court.*—HON. F. M. BLACK, Judge.

AFFIRMED.

*Peak, Yeager & Ball* for appellant.

(1) Private property cannot be taken for public use without the owner's consent or without its being first condemned on proper legal proceedings. *Hildreth v. Lowell*, 11 Gray 345; *Delphi v. Evans*, 36 Ind. 90; *City v. Armstrong*, 56 Mo. 298; *Soulard v. St. Louis*, 36 Mo. 546. (2) The city having ratified and adopted the tortious acts of its servants in constructing said sewer upon plaintiff's land without legal authority, has adopted the trespass and is, therefore, liable to the plaintiff for damages sustained thereby. Dillon on Mun. Cor., secs. 769 and 770; *Wild v. New Orleans*, 12 La. Ann. 15; *Thayer v. Boston*, 19 Pick. 511; *Sheldon v. Kalamazoo*, 24 Mich. 383; *City v. Armstrong*, 56 Mo. 298; *Mayor v. Sheffield*, 4 Wall. 189. (3) The continued use of said sewer by the city is a *continuing trespass*, and plaintiff's cause of action did not

arise until the damages were sustained by him, and is therefore not barred by the statute of limitations. Wash. on Easements, p. 663; *Eastman v. Co.*, 44 N. H. 158; *Wyland v. St. L., K. C. & N. Ry.*, 75 Mo. 548; *Dickson v. C., R. I. & P. Ry.*, 71 Mo. 575; *Pinney v. Berry*, 61 Mo. 359; *Holmes v. Wilson*, 10 A. and E. 503; *Thompson v. Gibson*, 7 M. and W. 456.

*Wash Adams* and *R. H. Field* for respondent.

(1) Before this suit was begun, by its continued use of the sewer upon plaintiff's land for more than ten years, as testified to by him, and his acquiescence therein (by connecting his building with such sewer and using the same for draining his building) the city had acquired an easement in said land. *State v. Wells*, 70 Mo. 635. Such use by the city, and his acquiescence therein, operated as a transfer of title to the city to an easement in said land, and such title was properly allowed to be asserted under a general denial. *Nelson v. Brodhack*, 44 Mo. 596; *Hill v. Bailey*, 76 Mo. 454. (2) The action is not for the recovery of real estate, but for damages for trespass upon real estate and was barred by the five years statute of limitations pleaded in the answer. R. S., 1879, secs. 3228, 3230. The measure of damages for the trespass could only have been the value of the land taken and when the damages thus recovered were paid by the city such payment would have *ipso facto* vested the title to the land in the city. *Soulard v. St. Louis*, 36 Mo. 546; *Jamison v. Springfield*, 53 Mo. 224. The right of plaintiff to sue for the value of the land taken accrued the moment it was taken which was eight years before the suit was commenced. Wood on Lim., pp. 383, 384; *Tapley v. McPike*, 50 Mo. 589; *Rogers v. Browne*, 61 Mo. 187; *Hill v. Mayor*, 46 Pa. St. 15, 21. (3) The damages shown are too remote to be recoverable. *Jamison v. Springfield*, 53 Mo. 224; *Mueller v. Ry.*, 31 Mo. 262; *Caldwell v. Evans*, 85 Ill.

170; *Phillips v. Dickerson*, 85 Ill. 11; *Bosh v. Ry.*, 44 Ia. 402; *Saunders v. Brosius*, 52 Mo. 50. (4) While the public have no legal right to take private property, without making just compensation, yet, by consent of the owner, even though that consent be oral or merely implied, it may take his real property without making any compensation. *Haskell v. New Bedford*, 108 Mass. 208; to same effect is *Kanaga v. Ry. Co.*, 76 Mo. 207.

EWING, C.—This is a suit for trespass on real estate commenced the 29th of March, 1879. The petition alleges the ownership of certain lots in the City of Kansas to be in plaintiff. That in 1869 the defendant, without leave and wrongfully, entered thereon and caused to be built a sewer. That afterwards plaintiff built a house on his said lot and by reason of the sewer it cost him $900 more to make his foundation than it would if there had been no sewer there, whereby he is damaged, etc.

The answer, amongst other things, pleaded the statute of limitations. Upon the trial the plaintiff offered evidence tending to show that the allegations of the petition were true. The defendant demurred to the evidence which was sustained, and plaintiff appealed to this court. The only question in the case, made by the motion for a new trial, is the action of the circuit court in sustaining the demurrer to the evidence.

I. This is an action for trespass to real estate, which by statute must be commenced within five years after the cause of action shall have accrued. Secs. 3228, 3230, R. S. 1879. The evidence and pleadings tend to prove that the wrongful entry and trespass was some time in the year 1869, and the petition was filed March 29, 1879. Hence the suit is barred by the statute, unless there is something in the case which takes it without its operation. It is insisted by the appellant that "every continuance of the trespass is a fresh trespass," and for which the plaintiff may sue. That this being true the plaintiff's cause of action only arises from the date of his injuries, and is not barred by the statute of limitations.

This is a correct position in relation to such trespasses
as are continuing; but when the trespass is permanent
and original; where the damage is complete by the orig-
inal act of trespass, the statute begins to run from that
time.   In the case at bar the wrongful entry was the
time from which the defendant was liable for damage to
plaintiff.   Plaintiff could then have commenced his
action for injury.   The wrongful entry and building the
sewer across plaintiff's lots was the whole cause of
the damage, complete and entire at that time, and for
which full compensation could have been readily esti-
mated for the whole wrong.   *Soulard v. St. Louis*, 36
Mo. 546 ; Wood on Lim., p. 371, sec. 180 ; *Powers v.
Council Bluffs*, 45 Iowa 652 ; *Troy v. Cheshire Ry. Co.*,
3 Foster (N. H.) 83.   In 45 Iowa, *supra*, the court say :
" Whenever the nuisance is of such a character, that its
continuance is necessarily an injury, and when it is of a
permanent character that will continue without change
from any cause but human labor  there the damage is an
original damage and may be at once fully compensated."
*K. P. Ry., v. Mihlman*, 17 Kan. 224.

But there is another principle, as I understand, which
conflicts with the appellant's position, and bars his right
of recovery.   While each continuance of a nuisance or a
trespass is considered a new ground for cause of action
and recovery, notwithstanding the statute may have
barred an action for former injuries from the same nuis-
ance, yet this proposition is only true, when the action
shall be commenced before the party committing the
trespass or maintaining the nuisance, has acquired a
prescriptive right to do so, by the lapse of such period
as bars an entry, upon lands held by another.   In this
case the evidence tends to prove that this sewer was built
as early as 1865, a period of thirteen years before the
commencement of this suit.   Wood on Lim., p. 376,
sec. 181., *Marr v. Gilliam*, 1 Cold. (Tenn.) 488 ; *Sibley
v. Ellis*, 11 Gray (Mass.) 417.   So that if by lapse of time
the defendant acquired the right to maintain its sewer

across the plaintiff's lots before the suit was commenced, then the plaintiff has no cause of action. "The prescription begins to run from the time when a legal right is actually invaded by the nuisances, so that the law will imply damage therefrom, and must continue for the period requisite under the statute for acquiring a title to land by adverse enjoyment." Wood on Limitations, sec. 182. If these positions be true the court below did not err; and as that disposes of the case it is useless to examine the other questions presented.

The judgment is affirmed. All concur.