JOHN MANGOLD, Respondent, v. ST. LOUIS, IRON MOUN-
TAIN & SOUTHERN RAILROAD COMPANY, Appellant.

St. Louis Court of Appeals, January 4, 1887.

1. NEGLIGENCE—SUFFICIENCY OF PETITION.—A petition charging neg-
   ligence is not insufficient because it does not anticipate and nega-
   tive facts which are proper matter of defence and which are set up
   in the answer.

2. ——— DIVERTING NATURAL STREAMS — INSTRUCTIONS. — Under a
   complaint that the defendant, by the improper construction of a
   ditch, diverted a flowing stream from its channel, thus flooding
   the plaintiff's land, the defendant can not complain of instructions
   which make his liability depend solely upon the improper and neg-
   ligent construction of the ditch.

3. LIMITATIONS—OPERATION OF.—The statute of limitations begins to

run, not necessarily from the doing of the act, but from the time substantial damage was thereby caused.

APPEAL from the St. Louis Circuit Court, SHEPARD BARCLAY, Judge.

*Affirmed.*

GEORGE H. BENTON, for the appellant: The petition fails to state facts sufficient to constitute a cause of ac-· tion. It does not state the facts which constitute the negligence of the company in digging the alleged ditch and the facts therein stated constitute only *damnum absque injuria.* Rev. Stat., 1879, sect. 765; Price on Railways, 254; *Abbott v. Railroad,* 83 Mo. 271; *Field v. Railroad,* 76 Mo. 614; Moak's Van Sant-voord's Plead. [3 Ed.] 219; 1 Estee's Pleading [1 Ed.] 204; *City of Buffalo v. Holloway,* 7 N. Y. 493. The court erred in refusing to give to the jury the instructions requested by the defendant. Price on Railways, 271; Wood on Limitations, 376; *Cotton v. Pocassett Mfg. Co.,* 13 Met. 229; *Haskell v. New Bedford,* 108 Mass. 208; *Hoehl v. City of Muscatine,* 11 Am. & Eng. Ry. Cases, 550.

L. D. GROVE and B. SCHNURMACHER, for the respondent: The petition is sufficient. *Brink v. Railroad,* 14 Mo. App. 177; *Hosher v. Railroad,* 60 Mo. 329; *Munkers v. Railroad,* 60 Mo. 334. The instruction based on the statute of limitations was properly refused. The statute began to run against the plaintiff, not from the cutting of the ditch, but from the time the plaintiff's injury occurred. *Union Trust Co. v. Cuffy,* 26 Kan. 754; *Van Orsdal v. Railroad,* 56 Iowa, 470; *Polly v. McCall,* 37 Ala. 20; *Thornton v. Turner,* 11 Minn. 336.

LEWIS, P. J., delivered the opinion of the court.

This is an action to recover damages for injuries to the property of the plaintiff, occasioned by the defend-

ant's negligent and wrongful diversion of a natural stream, known as Cane creek, near the town of Harviell, in Butler county, Missouri.

The petition alleges that the plaintiff is the owner of a house and lot in said town, where he is engaged in carrying on a general merchandise business. That in a northeasterly direction from the town, and about half a mile distant from the plaintiff's house, the defendant's railroad crosses a stream of water known as Cane creek. That said stream has from time immemorial run and flowed in natural banks, sufficient in height to carry off all the waters accumulating above said point, and which would flow down said stream; and that said stream would thus have continued to flow and carry within its banks all accumulations of water from its natural source and rains above, were it not for the unlawful, negligent, and careless acts of the defendant, in cutting an opening in the banks of said creek, whereby the water was allowed and caused to escape from the bed of the stream and inundate the town of Harviell and the lands of the plaintiff.

The petition then proceeds to state, that by reason of the diversion of the waters through said opening, the plaintiff's lands were flooded on several occasions, whereby a large quantity of staves were carried away, his house injured, and sickness caused in his family. The items of the plaintiff's damages are stated, and the prayer of the petition is for a judgment in the sum of five thousand dollars.

The amended answer sets up the following defences : (1) A general denial. (2) That when the defendant first constructed its road through Butler county, it built a bridge across Cane creek, at a point where it was necessary for the road to cross ; that Cane creek is not a navigable stream, and is in the spring of each year subject to excessive overflow. That a ditch was dug above said bridge, in a reasonable and skillful manner, for the necessary purposes of the building of the road. (3) That

said creek has, from time immemorial, been subject to yearly overflows; that the defendant's act in cutting said opening, had no tendency to increase the volume of water escaping, and that the plaintiff's injuries were not caused by the defendant's act, but by reason of the natural location of his land. (4) The five year statute of limitations. (5) The ten year statute of limitations. (6) That the plaintiff purchased his land and built his house subsequent to the alleged wrongful act of the defendant, with a full knowledge of the circumstances and conditions surrounding the same, and that the plaintiff has slept on his rights and can not now be heard to complain.

It is assigned for error that the petition does not state facts sufficient to constitute a cause of action. The specification is, that it does not appear what facts constituted the alleged negligence in digging the ditch. As it does not appear on the face of the petition that the ditch was necessary to the construction 'or preservation of the road or its belongings, the plaintiff was not required to anticipate the defence, and to negative the existence of a right in the company to open a passage for the water from the creek, to the effect of injuring the plaintiff's property. It appears from the petition that there is a natural descent from the banks of the creek towards the plaintiff's lot, and that the bed of the creek is about ten feet higher than the lot. It further appears that the banks of the stream were sufficiently high to carry off all its waters, and that they would have continued so to confine and carry them off, but for the unlawful, negligent, and careless act of the defendant in making an opening in the elevated bank, which necessarily turned the waters upon the plaintiff's lower land. If it were apparent that the defendant had a right by law to dig the ditch in a careful and prudent manner, without responsibility for unavoidable consequences, it might be necessary for the pleader to make a distinct averment that the work was negligently or improperly

done, with the effect of unnecessary injury to the plaintiff. But as the petition is framed, we think that the charge of unlawfully and negligently making a new passage for the waters, with the results stated, is a sufficient specification and charge of negligence, to present a cause of action.

The other complaints made by the appellant relate to the instructions given and refused. One of the latter was in the nature of a demurrer to the evidence. There was no error in this refusal. There was plenty of testimony in support of the material allegations of the petition.

The jury gave a verdict in the plaintiff's favor for $821.50. The testimony preserved in the record is very voluminous, and abounds chiefly in topographical descriptions of the country for miles around the scene of the injuries complained of. On the part of the defence, the testimony appears to have been directed mainly towards establishing the proposition that the plaintiff's injuries, if any, resulted from natural causes, and not from the digging of the ditch by the defendant. The court, of its own motion, gave the following instructions:

"If you find from the evidence that the alleged ditch (complained of in the first count or cause of action stated in the petition of the plaintiff in this case) was dug by the defendant's employes in a negligent and unskillful manner; that the digging of the same through the banks of Cane creek was not necessary to the proper construction of the defendant's railroad bridge over said creek; that by said ditch the waters of said creek as a natural stream were diverted southward; that but for said ditch the water thus diverted would have naturally flowed through the natural channel of said creek, and that by reason of said diversion of the waters of said natural stream of Cane creek through said ditch the same were thrown upon the premises of the plaintiff, or carried away his lumber and inflicted on him any of the injuries specified in his said first count of his petition

herein at any of the dates therein named as the dates of such damage, then your verdict should be for the plaintiff."

"If you believe from the evidence that the damages to the plaintiff complained of herein resulted from a general overflow of Cane creek, and that the same would have done the same damage to the plaintiff without regard to the ditch in question then your verdict should be for the defendant."

On the defendant's application, the court instructed thus:

"The court instructs you that the plaintiff in this case must prove to your satisfaction by a preponderance of the testimony that the alleged ditch complained of was dug in 1872 by the defendant's employes in a negligent and unskillful manner, and that the digging of the same through the bank of Cane creek was not necessary to the proper construction of its railroad and bridge across Cane creek, and the court further instructs you that the defendant had a right to dig a ditch along the sides of its road, and also to cut the bank of said Cane creek in the proper and necessary construction of its bridge and road ; if you, therefore, find that a ditch was cut through the bank of said Cane creek, at the bridge in question, in said year, and that there is no proof that the same was not necessary for the proper and reasonable construction of said road, then you must find a verdict for the defendant."

"The court instructs you that if you believe from the evidence that the damages in this case were occasioned by reason of the natural action of the waters of Cane creek, during seasons of flood and overflow, making a ditch, originally cut by the defendant in the bank of Cane creek at the bridge over the same, much deeper and wider, you must find a verdict for the defendant, provided you further find that said ditch was originally cut in a reasonable and proper manner."

"The court instructs the jury that if you believe

from the evidence that the damages in question were occasioned by surface water accumulating in Cane creek and overflowing its banks, you must find a verdict for the defendant.''

If any objection may be fairly predicated of these instructions, it is, that they are too favorable to the defendant. The fact that the defendant is a railroad company, and that it caused a ditch to be dug which would divert a water-course in the vicinity of its road, raises no legal presumption that the work was necessary either for the construction or the security of the road. That such a necessity existed appears nowhere in the pleadings, except in the defendant's answer, where it is set up as an affirmative defence. The burden of proof was, therefore, on the defendant to show that the work was necessary for the purposes of its public improvement, and that it was carefully and properly done. But the instructions throw upon the plaintiff the whole burden of proving the contrary propositions. The defendant can not be heard to complain of this. Indeed, if the verdict had been the other way, it is a question whether it could have been permitted to stand, in the face of these instructions. There was no direct testimony showing that the ditch was necessary for the purposes of the company. Some hearsay testimony crept in, to the effect that a section foreman had been heard to say that the ditch must be dug, in order to lessen the pressure of the water upon the defendant's bridge at that point. On the other hand, two uncontradicted witnesses testified that, in the year 1884, which was twelve years after the digging of the ditch, the company filled it up ; and that, after this was done, there were some heavier floods than the preceding, but no injurious flow over the plaintiff's property. The jury may reasonably have inferred from this evidence, both that the ditching was the direct and only cause of the plaintiff's injuries, and that the company itself did not consider the construction necessary for the security of its road, or other property. The in-

structions, taken altogether, gave to the defendant the full benefit of every defence that could be raised upon the facts pleaded and proved, or appearing in the testimony, and no ground can be discovered in them for an interference with the verdict.

The court refused to give the following instructions asked for by the defendant:

"The court instructs you that if the plaintiff in this case bought the land in Harviel, owned by him and built his house thereon, and used the lands along the sides of the railroad to pile up stacks of staves and lumber, with full knowledge of the existence of the ditch in question and with knowledge of the liability of said lands and property to be damaged by waters overflowing from Cane creek, through said ditch, you must find a verdict for defendant."

" The court instructs you that if you find from the evidence that the ditch in question was cut through the bank of Cane creek more than ten years before the filing of the petition in this case, you must find a verdict for the defendant."

As to the first of these, it is sufficient to say, that the whole case turned upon the unlawful and injurious character of the defendant's act. If this was unlawful and injurious, the perpetrator could not escape responsibility upon the ground that it was committed before the plaintiff was in a condition to become a sufferer in consequence. The second of these instructions was properly refused, because the statute of limitations began to run, not from the date of the digging of the ditch, but from the date of the injuries upon which the plaintiff's right of action accrued.

With the concurrence of the other judges, the judgment is affirmed.