BENJAMIN W. CULVER, Respondent, v. CHICAGO, ROCK ISLAND & PACIFIC RAILWAY COMPANY, Appellant.

## Kansas City Court of Appeals, December 2, 1889.

1. **Flooding Land**: CARELESS CONSTRUCTION OF BRIDGE : CHOKING CHANNEL : OWNERSHIP : RAILROAD CROSSING STREAM.   The defendant railway company, though it became the owner of a railroad after its construction, is liable to a land-owner, whose lots were overflowed by reason of the negligent construction of a bridge over a creek, which construction defendant continued, and permitted the closing of the channel with drift, etc., so causing the overflow.   Railroads have lawful authority to build across streams, but should restore the stream to its former state, or to such state as not unnecessarily to have impaired its usefulness.

2. ———: ———: ———: LIMITATIONS.   The statute of limitations does not begin to run against the land-owner's right of action for the unlawful flowage of his land until he has been injured, and his action has accrued, notwithstanding the negligent structure, and other acts which resulted in the overflow, may have been growing and working for a length of time beyond the period of limitation.

3. ———: ———: ———: OTHER WRONG-DOER.   If the defendant constructed, or subsequently maintained the obstruction, it is liable, and cannot escape by showing that others have likewise obstructed the creek lower down.

4. ———: ———: ———: NUISANCE ON ANOTHER'S LAND DISTINGUISHED.   The case of *Wayland v. Railroad*, 75 Mo. 555, is distinguished, the nuisance there being erected by the vendor on another's land, here on defendant's vendor's own right of way.

5. **Negligence**: CONSTRUCTING BRIDGE : MEASURE OF CARE.   It is not the average prudence of all men engaged in an employment, as bridge-building in this case, that the law fixes as a standard of ordinary care, but the test is what care and prudence would be exercised by an ordinarily prudent and careful man engaged in such work.

6. **Instructions**: MEANINGLESS ERROR : COMMON FAULT.   Where instructions contain what may be termed a "meaningless" error, which is likewise incorporated into the instructions asked by appellant, there is no ground for reversal.

*Appeal from the Buchanan Circuit Court.*—HON. O. M.
SPENCER, Judge.

AFFIRMED.

Statement of the case by the court.

This is an action for damages for overflowing, and
thereby injuring, plaintiff's property at Rushville,
Missouri. "The amended petition, on which it was
tried, was filed, January 11, 1889. It states, in sub-
stance, that plaintiff was the owner of lots 1 to 4,
inclusive, in block 9, and lots 1 to 4, inclusive, in block
10, in Jones' addition, and block 10, in Wells' and New-
man's addition to the town of Rushville, Buchanan
county, Missouri, and that, before June, 1873, a stream
of water, running in a southwestern direction, through
sections 11, 14, and 15, in township 55, range 37, passed
near the line. That portion of the petition, referring to
the injury sued for, is as follows:

"That, in the month of June, 1873, the Chicago
and Southwestern Railway Company constructed a
line of railroad from the town of Winthrop, in said
county of Buchanan, in a northeasterly direction,
through said county, which said line of railroad crossed
said stream at a point at, or near, the southwest corner of
said section 11, and, in so constructing said railroad across
said stream, the said Chicago and Southwestern Rail-
way Company negligently and carelessly constructed
in, and across, the channel of said stream, at said point,
an embankment of earth, whereby the waters of said
stream were turned and diverted from their said course,
and caused to flow about fifty yards, in a westerly direc-
tion, at which last-mentioned point the waters of said
stream were caused by said railway company to turn
and flow in a southerly direction, back into the channel
of said stream.

" That, at said point, where said stream was turned in a southerly direction, as aforesaid, the said railway company, in 1873, carelessly and negligently constructed a bridge and trestle work across said stream, which said bridge and trestle work were carelessly and negligently so constructed as to be too narrow, too short, too low and insufficient to permit the waters of said stream to flow thereunder.

" That, at the time of the construction of said bank and trestle, as aforesaid, the Chicago, Rock Island and Pacific Railroad Company leased said railroad from the owners thereof, and then and there, by the consent of the owners thereof, entered into exclusive possession of the same, and from that time until the second day of June, 1880, continued in such possession of said railroad, and ran, controlled, operated and maintained the same, together with said embankment and trestle, and during all said time, carelessly and negligently, and continuously, caused and allowed dirt, drift-wood, *debris*, logs, brush, mud and stones to accumulate under and against said trestle work, in the bed and channel of said stream.

" That, on the second day of June, 1880, said Chicago, Rock Island and Pacific Railroad Company, and other railroad companies, all being the owners of certain railroads constructed in this state, did, by virtue of written agreements to that effect, and in accordance with the laws of this state, consolidate with each other, under the name and style of the Chicago, Rock Island and Pacific Railway Company, which said last-named company (on said second day of June, 1880), then and there, became the owner of said railroad, and has, ever since that time, been in the exclusive control and possession of the same as such owner, and has been operating, controlling, running and maintaining said railroad, and said embankment and trestle, during all said time. That, when the defendant took possession of said railroad, as aforesaid, it did so with full knowledge of all the facts herein stated.

" That the defendant, from and after it took posses-sion of said railroad as aforesaid, carelessly and negli-gently and continuously allowed, caused and permitted drift-wood, dirt, *debris*, brush, logs, mud and stone to accumulate under and against said trestle work in the bed and channel of said stream, until June, 1883, when the space under said trestle work, and the channel of said stream under said trestle, were, by the means aforesaid, entirely filled up so that all the waters of said stream were prevented from flowing under said trestle, and were diverted from the original and natural channel of said stream.

"That ever since June, 1883, the defendant has carelessly and negligently permitted said obstructions of said stream, and embankment at said trestle, to remain, and has during all of said time kept up and maintained said obstruction and embankment.

" That by reason of said embankment and obstruc-tions aforesaid, in said channel of said stream at the said trestle work, the waters of said stream were, about June, 1885, caused to flow on and over the said premises of the plaintiff and to remain thereon for the space of about three weeks whereby the said premises of plaintiff were greatly injured and damaged, and large quantities of mud and *debris* deposited thereon."

The answer contains a general denial, and pleads the statutes of limitation. At the trial a large amount of evidence was introduced, that of the plaintiff tend-ing to prove the allegations of his petition. Defendant asked a multitude of voluminous instructions (covering, if printed, not less than ten pages of closely printed matter ), most of which were refused altogether, and a portion only given with some verbal modifications. There was a verdict and judgment for the plaintiff in the sum of one hundred dollars, and defendant has appealed!

*Stephen S. Brown,* for the appellant.

(1)   There was no evidence either that the Chicago and Southwestern Railway Company constructed the bridge in question too low or too narrow to permit the waters of Lost creek to pass through or under it, or that the Chicago, Rock Island and Pacific Railroad Company was guilty of any negligence in permitting said bridge to fill with sediment and *debris,* or that it permitted the channel of the creek to fill after June 2, 1880, so that the court committed error in submitting said question to the jury in the first instruction given for plaintiff, and ought to have instructed them as requested by defendant, to find for defendant.   *Abbott v. Railroad,* 83 Mo. 271; *Bird v. Railroad,* 30 Mo. App. 365; R. S. 1879, p. 126, sec. 765; *Schneider v. Railroad,* 29 Mo. App. 68; *Jones v. Railroad,* 84 Mo. 151; *McCormick v. Railroad,* 57 Mo. 438.   (2)   The evidence all concurs in the fact that, before 1878, the old channel of the creek, under the bridge, and on the south side of the railroad, had been obliterated, and that the creek then ran, and has ever since continued to run, on the north side of the road in its present channel.   This condition having continued more than ten years before the bringing of this suit, the right of defendant to have the creek run in its new channel was fixed by prescription.   If there was anything in the case to submit to the jury, the defendant's seventeenth instruction should have been given.   *James v. Kansas City,* 83 Mo. 567; *Bird v. Railroad,* 30 Mo. App. 365; *McGowan v. Railroad,* 23 Mo. App. 203; *State v. Wells,* 70 Mo. 635.   The cause of action accrued when the structure became permanent, and was also barred by the statute of limitations in five years, and defendant's eighteenth instruction should have been given.   *James v. Kansas City,* 83 Mo. 567; *Powers v. Council Bluffs,* 45 Iowa, 652.   (3)   In its eleventh instruction the defendant asked the court to

instruct, that if in the construction of its bridge, the Chicago and Southwestern Railroad Company used such care and skill as is ordinarily possessed and used by persons in the construction of works of like character, under like circumstances, the plaintiff could not recover on account of any defect or insufficiency in the construction of said bridge.   The court refused this instruction, and so changed it, so that instead of reading "such care and skill as is ordinarily possessed and used," it read, "such care and skill as should ordinarily be used," etc.   This was the only attempt made by the court to define negligence.   Instead of telling the jury, as it was his duty to do, what degree of care constituted ordinary care under the circumstances, he asks them to define it.   It was error not only to refuse the instruction asked by defendant, but to give the one substituted.   Shear. & Red. on Neg., sec. 20 ; *Abbott v. Railroad*, 83 Mo. 271.

*Green & Burnes* and *James W. Boyd*, for the respondent.

(1)   As to the first error suggested we say that the evidence on both sides showed clearly, if not conclusively, that said trestle was too low and too narrow to permit the waters of said creek to flow thereunder. And the negligence of the Chicago, Rock Island and Pacific Railroad Company and the Chicago, Rock Island and Pacific Railway Company in permitting said bridge to fill with sediment and *debris* is conclusively shown by the evidence in the case. . Any evidence tending to prove these facts would be sufficient to authorize the court in submitting these questions to the jury. *Brink v. Railroad*, 17 Mo. App. 177–195 ; *Routsong v. Railroad*, 45 Mo. 237 ; *Kelly v. Railroad*, 70 Mo. 608 ; *State v. Music*, 71 Mo. 401 ; *Wilson v. Board of Ed.*, 63 Mo. 137 ; *Buesching v. Gas Co.*, 73 Mo. 137 ; *Norton*

*v. Itner*, 56 Mo. 351 ; *Smith v. Railroad*, 61 Mo. 588 ; *Scoville v. Railroad*, 81 Mo. 434. (2) By its fifth point appellant complains of the refusal on the part of the court to give instruction numbered 17. The authorities cited by appellant do not sustain the position taken. No cause of action accrued to plaintiff until he was damaged. *Van Hoosier v. Railroad*, 70 Mo. 145 ; *Dixon v. Railroad*, 71 Mo. 596. ( In the case last cited the identical trestle is complained of.) *Givens v. Van Studdiford*, 86 Mo. 149–159 ; *Sloggy v. Dilworth et al.*, 36 N. W. Rep. 451 ; *Prentiss v. Wood*, 132 Mass. 486. (3) The sixth point raised by appellant seems to be without merit. What is said in the 83 Mo. 271, in reference to negligence, is said by the court, in discussing the fact that the instruction in that case complained of did not submit the question of negligence to the jury at all. The instruction, as modified and given by the court, is correct. 17 Mo. App. 177, *supra*.

GILL, J.—In answer to points 1, 2 and 3 of defendant's brief, we must say that, upon reading the record, we cannot concur with the learned counsel in the statements made, to-wit, that there was no evidence to support the verdict, and that plaintiff had departed from his case set out in the petition, had set up one alleged cause of action, and had introduced evidence to support only another and different cause of action.

The matters complained of, as resulting in the damaging overflow in 1885, and as set out in plaintiff's petition are : The faulty construction of the bridge, or trestle, over Lost creek,—the continuance of said construction, and permitting logs, drift-wood, dirt, etc., to add to such obstruction during the period of defendant's ownership and control of the railroad, resulting in the entire closing of the creek's channel, in the year 1883, by and through the action of defendant company. These, it is alleged (and the evidence tends, at least, to

prove), caused the overflowing of plaintiff's premises in the summer of 1885, and the damage thus occasioned is sued for in this action.

Whether the injuries to plaintiff's property resulted from one or the other of these negligent acts, or both combined, it would seem that plaintiff should recover. Even, then, if the bridge itself was not negligently constructed in the beginning, yet, if the defendant subsequently suffered the channel to become stopped up, and did fill up the same, and thereby caused the water to flow back on the plaintiff's premises, then the defendant was liable. *Brink v. Railroad*, 17 Mo. App. 191.

The Chicago and Southwestern Railroad, in constructing said road, had, it is true, lawful authority to build the road over and across said stream, still, in so doing, it was in duty bound to "restore the stream thus intersected to its former state, or to such state as not necessarily to have impaired its usefulness." R. S. 1879, sec. 765.

II. Defendant further complains of the refusal by the trial court of its seventeenth instruction, which was an attempt to bar this action by the statute of limitations, —said instruction reads as follows : " 17. This suit was commenced on the sixteenth day of December, 1887. The jury are instructed that, if for more than ten years before the beginning of this action, the channel of Lost creek, under the bridge described in evidence, and on the south side of said railroad, on defendant's right of way, and on lands adjoining thereto, was, and continued to be, filled up and obliterated so that the waters of said creek formed a new channel on the north side of said railroad, where the same had flowed continuously for ten years prior to the commencement of this suit, then the plaintiff cannot recover in this case."

We very much doubt the propriety of this instruction, even considered with reference to the admitted

facts of this case. The evidence stands undisputed that the growth of this creek obstruction was not complete until in the year 1883, when defendant completed the filling up process by throwing into the old crossing stone and dirt, so that the road bed entirely covered the trestle work.

But, again, this instruction, number 17, was wrong in principle, regardless of the fact just stated. The statute of limitations did not begin to run against this plaintiff, on account of the existence of this nuisance, until damage done. *Bird v. Railroad*, 30 Mo. App. 365–373; *Dickenson v. Railroad*, 71 Mo. 575–579; *James v. City of Kansas*, 83 Mo. 570.

This obstruction, the evidence shows, was the growth of years, and was finished, and the entire channel, as it once flowed, completely blocked by the active intervention of defendant in 1883. But plaintiff had no right of action until injury to him was committed by the overflow in 1885, and it was then, and not till then, his action accrued. *Brink v. Railroad*, 17 Mo. App. 198. Hence, the court properly refused instruction number 17.

III. If defendant erected this obstruction in the creek, or if it was constructed by its grantor and subsequently maintained by defendant with knowledge, then it would be liable for injuries resulting therefrom. *Pinney v. Berry*, 61 Mo. 359; *Dickenson v. Railroad, supra; Wayland v. Railroad*, 75 Mo. 555–556.

Neither can defendant escape liability for erecting and maintaining this obstruction in the creek's channel by showing that others have likewise obstructed the same at points lower down. This plaintiff can only complain of the immediate cause of the injuries to his property. His land so overflowed lies above the railroad obstruction, and it is because of defendant's acts in maintaining said nuisance, that he is injured.

The case at bar is one quite different from *Wayland v. Railroad, supra*, cited and relied upon by defendant.

The defendant in that case, the purchaser of a railroad, was held not liable for failing to abate a nuisance created by the vendor before sale, where the nuisance had been erected by such vendor on the lands of another, while in the matter now under consideration the nuisance, or obstruction complained of, is within the bounds of the right of way, and is not on the land of another—hence, we think the trial court properly refused to declare the law as contained in defendant's instruction number 18.

IV. The last matter complained of by defendant's counsel is the modification of defendant's instruction number 11. In relation to the charge of negligent construction of the bridge across the stream, defendant's instruction as offered, imposed "such care and skill as *is* ordinarily possessed and used by persons in the construction of works of light character under similar circumstances." The court modified the instruction by striking out the word, "*is*," and inserting "*should*," so that the instruction read "such care and skill as *should* ordinarily be used by persons in the construction of works of like character under similar circumstances."

In the rejection of said instruction number 11, in the shape offered, the court did not err. The "ordinary care," the absence of which constitutes negligence in such cases, is not such care as is ordinarily possessed and used by persons in like employment, but it is that degree of care used by *reasonably prudent and careful* persons engaged in such work. "Ordinary care is such as is usually exercised under the like circumstances by men of average prudence." Sherman & Red. on Neg., secs. 20 and 30; 2 Thompson on Neg. 1149, *et seq.*

It may be that men engaged in railroad bridge-building; taken *en masse*, are usually very negligent and careless in the manner of doing such work. It is not the average prudence of *all* men thus engaged that the law fixes as a standard of ordinary care, but the

test is what care and prudence would be exercised by an ordinarily prudent and careful man engaged in such work. While the court properly rejected defendant's definition of ordinary care, the modification of the instruction, as inserted by the court, amounted to what may be termed "a meaningless" error. It may be proper to say to the jury that the defendant's grantor, or vendor, should have used ordinary care in constructing the bridge in question, but it is the merest tautology to say that the ordinary care required is such care as "*should* be exercised," etc. We regard this apparent effort of the court to define ordinary care as a mere omission—indeed, as no definition; and, since the defendant's instruction, number 11, as asked, was an erroneous definition, and, further, because defendant incorporated the same "meaningless error" in other instructions asked of the court, we shall not reverse and remand this cause for such omission by the court.

In instructions, numbers 16 and 19, requested by defendant, the same words are inserted by the defendant in the original draft, to-wit, "such care and skill as *should* ordinarily be used," etc. The error, then (if error it was), was one into which the court was invited, by the defendant's counsel, and it is well understood that the defendant cannot complain of error by it invited. *Duffy v. Railroad*, 19 Mo. App. 380; *Davis v. Brown*, 67 Mo. 313; *Thorpe v. Railroad*, 89 Mo. 650.

We discover no such substantial error in this record, and, therefore, affirm the judgment of the trial court. All concur.