HOWARD COUNTY v. THE CHICAGO & ALTON RAILROAD COMPANY, *Appellant.*

Division One, November 26, 1895.

1. **County Bridge**: PRESCRIPTIVE TITLE: EVIDENCE. Evidence that for more than ten years a bridge was claimed and controlled by a county and continuously used as a public bridge, and that after such time the county put a new pier in the bridge, shows a prescriptive right to and ownership of the pier entitling the county to sue for injury thereto.

2. ————: OBSTRUCTIONS: LIMITATION. Where a bridge is injured by obstructions causing the current to be drawn against it, the statute runs from the time actual damages result.

*Appeal from Howard Circuit Court.*—HON. JOHN A. HOCKADAY, Judge.

AFFIRMED.

*George Robertson* for appellant.

(1) The evidence of the plaintiff was too indefinite and uncertain upon which to base a verdict. (2) The title of the bridge was not in the county. (Session Acts, 1851, page 337). (3) Plaintiff's cause of action was barred by the statutes of limitations. R. S. 1889, sec. 6775; *Powers v. Council Bluffs,* 45 Iowa, 652; *James v. Kansas City,* 83 Mo. 567; *Peden v. Railroad,* 73 Iowa, 328.

*Sam C. Major* and *Draffen & Williams* for respondent.

(1) The appellant makes three points for the reversal of this case. The first is that the evidence is too indefinite and uncertain to base a verdict upon.

It is sufficient to say, that there was substantial evidence to support each allegation of the petition. The trial court, under the declarations of law given, must have found that the facts were as alleged by plaintiff, and this is now no longer an open question. The weight of the evidence was for the court below. *Skinker v. Haagsma*, 99 Mo. 208; *Pike v. Martindale*, 91 Mo. 268. (2) The objection, that the title to the bridge was not in Howard county, is not well taken. The county had been in possession, claiming ownership for more than twenty-five years before this suit. It had made repairs upon this bridge, and had been using it as part of the public road. This suit was brought for damages to the pier that was built and paid for by the county. This was certainly sufficient against a wrongdoer. *Hazard Powder Co. v. Volger*, 7 C. C. A. 130. (3) While the obstructions were thrown into the stream, and the current of the creek thereby changed, in 1885, so that the waters then began to flow against the pier of plaintiff's bridge, yet the actual and material injury was not suffered by the plaintiff until within five years before the suit was brought. The court below properly ruled that the statute did not begin to run until actual and substantial damages were sustained. The period of limitation does not begin to run until actual injury is suffered. 2 Wood on Limitations, p. 457, sec. 180; 3 Sutherland on Damages [2 Ed.], p. 2273; *Wells v. Railroad*, 23 N. E. Rep. 724; *Dickinson v. Railroad*, 71 Mo. 575; *Mangold v. Railroad*, 24 Mo. App. 52; *Culver v. Railroad*, 38 Mo. App. 130; *McElroy v. Goble*, 5 Ohio St. 187; Gould on Waters, sec. 210, *et seq*.

BRACE, P. J.—This is an action for damages instituted by the plaintiff on the twentieth of June, 1893, in the Howard county circuit court, in which the

plaintiff obtained judgment for $599 and the defendant appeals.

The gravamen of the charge contained in the petition, is that the defendant, on or about the fifteenth day of August, 1885, threw large quantities of rock and other substances into the bed of Doxey creek in said county, over which the plaintiff had a bridge, at a point in said stream a short distance above said bridge and thereby deflected the current of said stream from the natural course in which it was accustomed to flow, to and against the north pier of plaintiff's bridge, thereby undermining said pier, whereby said bridge was in the year 1892 greatly injured and damaged and plaintiff was compelled to lay out and expend a large sum of money in repairing the injuries thereto so caused by defendant. The answer was a general denial and a plea of the statute of limitations.

The defendant asks a reversal of the judgment on three grounds: *First*, that the title of the bridge was not in the county; *second*, that the evidence of the plaintiff was too indefinite and uncertain on which to base a verdict; and, *third*, that plaintiff's cause of action was barred by the statute of limitations.

It appears from the evidence that the bridge in question was originally built and owned by the Glasgow and Huntsville Plank Road Company; that in July, 1865, the company transferred its road and bridges in Howard county to said county, and the evidence tends to prove, that ever since such transfer the bridge in question has been used, controlled, and managed as a county bridge by said county as a part of one of its county roads; that in the year 1885 the bridge became out of repair, and the county rebuilt the pier in question at the expense of the county; that this pier was some distance from the natural channel of the stream; that about the same time, the defendant was engaged

in building a bridge across said stream a short distance above the county bridge; that in doing so its servants deposited rock, and other obstructions in the stream that caused the channel to change from its natural course so that the current ran against the pier of the county bridge, which but for such obstructions it would not have done; that this change in the current became apparent soon after the pier was completed in August 1885; that substantial injury to the pier therefrom was noticed in 1890, and that in 1892 the pier became so much injured that it had to be taken down and rebuilt by the county.

The evidence for the defendant tended to prove that the current of the stream was not changed from its natural course or deflected against the pier by reason of any of the acts or doings of their servants.

1. The uncertainty there is in the evidence arises only from the sharp conflict between the evidence for the plaintiff and that for the defendant; that uncertainty the jury resolved by their verdict as it was their province to do. The evidence for the plaintiff tended strongly to prove the allegations of the petition and was abundantly sufficient to support the verdict.

2. The uncontradicted evidence tended to show that for more than ten years prior to the year 1885 the bridge was claimed and controlled by the county and continuously used as a public county bridge and road, and that the damaged pier was erected by the county in that year at the expense of the county, thereby showing a prescriptive title to, and ownership of, the pier entitling the plaintiff to maintain its action for the injury thereto.

3. The only serious question in the case is whether or not the plaintiff's right of action was barred by the lapse of time between the commission of the wrong and the bringing of the suit.

While the evidence tended to prove that the obstructions thrown into the stream by defendant's servants in 1885 changed the current of the stream so that in the fall of that year the water began to flow against the pier, it also tended to prove that no actual or material injury was done to the pier until within a period of five years next before the suit was brought, and the court so found and held that plaintiff's action was not barred.    In this we think the court committed no error.    While there is some conflict between the American cases on this subject, the rule sustained by the great weight of authority seems to be that when by wrongful acts a permanent nuisance is created and the injury therefrom is direct, immediate and complete, so that the damages can be immediately measured in a single action, the statute will begin to run from the erection of the nuisance.    On the other hand, when the injury, as in this case, is not complete so that the damages can be measured at the time of the creation of the nuisance in one action but depends upon its continuance and the uncertain operation of the seasons, or of the forces set in motion by it, the statute will not begin to run until actual damage has resulted therefrom. 1 Wood on Lim. [2 Ed.], sec. 180, and notes; Gould on Waters [2 Ed.], sec. 210; Sutherland on Damages [2 Ed.], sec. 1046; *Van Hoozier v. Railroad*, 70 Mo. 145; *Dickson v. Railroad*, 71 Mo. 575; *James v. City of Kansas*, 83 Mo. 567; *Mangold v. Railroad*, 24 Mo. App. 52; *Culver v. Railroad*, 38 Mo. App. 130; *Bunten v. Railroad*, 50 Mo. App. 414; *Wells v. New Haven, etc., Co.*, 151 Mass. 46.    On the issue of limitation the ruling of the court was, therefore, correct.

Finding no error in the record the judgment is affirmed.    All concur, except ROBINSON, J., absent.