JAMES POWERS *et al.*, Respondents, v. ST. LOUIS, IRON MOUNTAIN & SOUTHERN RAILWAY COMPANY, Appellant.

St. Louis Court of Appeals, March 9, 1897.

1. **Railroads:** DAMAGE FROM NEGLIGENT CONSTRUCTION OF CANAL: BAR BY PRESCRIPTION. Where an action for damages against a railroad for negligence in constructing, under grant of authority, by deed, a canal too small to carry off the waters accumulated "in time of heavy rains and freshets in the river," thereby causing the river to "back up" and wash away plaintiffs' land, was not brought within ten years after the injury accrued, it was barred by prescription.

2. ———: ———: PLEADING: NEGLIGENCE: PROOF. Moreover plaintiffs were not entitled to recover in such action under the allegation of the petition that the canal was too small to carry off the waters accumulated "in time of heavy rains and freshets in the river," where it was not shown that the former bed of the river was adequate for that purpose. To show negligence on the part of defendant it was necessary for plaintiffs to prove the inequality of the canal as an aqueduct compared with the river.

*Appeal from the St. Francois Circuit Court.*—HON. JAMES D. FOX, Judge.

REVERSED; Judge BLAND concurring, Judge BIGGS dissenting.

CERTIFIED TO SUPREME COURT.

BOND, J.—The first count in the petition states a cause of action for the negligent and unscientific construction of a railroad embankment and canal for sixteen hundred feet through the land of plaintiffs, diverting the channel of the St. Francois river, alleging that the outlet afforded by the canal was too small

for the passage through it of the waters accumulated "in time of heavy rains and freshets in said river," thus causing the river to "back up" and wash deep gullies and trenches on the west side of plaintiffs' land and destroying it, and occasioning a similar injury on the east side, by washing away and overflowing the old bank of the river. The petition contains other counts for injuries to crops and herbage caused by said embankment and canal in the years 1889, 1890, 1891, 1892, 1893, 1894. The suit was begun April 11, 1894. The answer, in addition to a general denial, pleaded the statutes of limitation, prescription and grant of authority to change water courses by deed. The jury found a verdict for plaintiffs for $1,500 on the first count of the petition, and found against plaintiffs upon all the other counts. Defendant appealed.

It is insisted that the court erred in overruling the demurrer to the evidence interposed at the close of the trial. The facts are, that defendant acquired a right of way through the land in dispute, by deed, in July, 1867, which deed also gave defendant the right to change water courses for the purpose of constructing and operating its railroad over the right of way granted; that under this conveyance defendant constructed a permanent embankment for its roadbed, so as to bisect a curve in the St. Francois river, and dug a canal on the side of the embankment connecting the river between the two points where it was crossed by the roadbed. This work was done with the assistance of the grantor in the deed to defendant, and was completed in 1868. In 1882, plaintiffs bought the land, subject to this easement, from the same person who conveyed it to defendant. No complaint was made of the existence of said canal and embankment, either by plaintiffs or their grantor, until March 27, 1891, and subsequently when this suit was brought. No change

has been made in the construction of the embankment
and canal since they were built and dug. The evidence
is, that the adjacent land was overflowed occasionally;
that fences were washed away, and it was covered with
back water during the ownership of plaintiffs' grantor;
that a big overflow occurred in 1876 and in 1879.
There was also evidence that the land was overflowed
while plaintiffs owned it, and that their crops and
herbage were injured in the years 1889, 1890, 1891,
1892, 1893, and 1894; that the rental value of the land
thus overflowed was $200 per year. There was evi-
dence that gullies were washed in said land and its top
soil taken away for the space of eight and six tenths
acres. There was evidence that neither the canal nor
the old roadbed of the river, which had been cut off,
would carry off the water in times of freshets or floods.

The law is, that if a permanent structure is put
upon one's land of such a character as that it must
work an injury in the natural course of
events, a single cause of action arises
when the injury is complete, which is lost if
not prosecuted within the time necessary
to create a prescriptive right in the person
establishing the nuisance. On the other hand, when
the nuisance complained of works apportionable inju-
ries, separate actions must be brought to recover the
damages sustained, and the bar of prescription begins
when the cause of action first arises. *James v. Kansas
City*, 83 Mo. 567; *Howard Co. v. R'y*, 130 Mo. 652; *Van
Hoozier v. R'y*, 70 Mo. 145; *Dickson v. R'y*, 71 Mo. 575;
*Buntin v. R'y*, 50 Mo. App. 414; Wood on Limitations
[2 Ed.], sec. 181, p. 463. In the case at bar the
application of the rule permitting successive recoveries
for a continuous nuisance is not involved, for the reason
that plaintiffs wholly failed to recover on any of the
six counts setting out causes of action for such dam-

RAILROADS:
damage from
negligent con-
struction of
canal: bar by
prescription.

ages.   Hence it is only necessary to inquire as to the
cause of action stated in the count upon which the
recovery was had, and whether under the evidence it
can be sustained.   It plainly appears from the allega-
tions contained in the count under review that it only
states a cause of action for loss of the beneficial use of
the land.   It alleges that the embankment and canal
were constructed many years ago.   It specifically
states that their negligent construction arose out of the
failure to make the canal large enough to carry off the
waters accumulated "in time of heavy rains and
freshets in said river," thus washing gullies and
trenches in plaintiffs' land and destroying it.   By this
pleading plaintiffs asserted the permanent character of
the nuisance and averred its necessarily injurious
effect.   The language employed could only mean that
the defects of the canal and embankment would
cause injury upon the happening of such "heavy rains
and freshets" as might be ordinarily expected.   It
could not have intended extraordinary and unprece-
dented floods, for as against these there was no duty
on the part of defendant to provide, and had the peti-
tion so charged it would not have stated a cause of
action.   *Ellet v. Railway*, 76. Mo. 518.   That "heavy
rains and freshets" do occur periodically, is due to the
operation of nature, and is a matter of common knowl-
edge and observation.   In making the averments of
injury from such causes plaintiffs therefore only
averred the injurious consequences which must
happen if the canal was too small to carry off the
waters of the river which it intersected.   In framing
the first count of the petition for abrasions of their
lands caused by the alleged defects in the original
construction of a permanent work, plaintiffs merely
followed the rule, established by all the authorities,
that when permanent structures injure the beneficial

enjoyment of an estate, or tend to destroy it, the damages are computable, and must be sued for, in one action. Upon a plea of prescription to this count, the only inquiry is, when did a cause of action first arise on account of the existence of the permanent canal and embankment? The concurrent testimony of the witnesses for plaintiffs shows that the lands were flooded and the fences washed away during the ownership of plaintiffs' grantor; that big overflows happened in 1876 and 1879, causing substantial damages, notwithstanding which neither he nor the plaintiffs, who acquired title in 1882, made any complaint but acquiesced in the action of the waters until 1891, when plaintiffs complained to the agent of defendant, and subsequently sued in 1894. Hence in any view that can be taken as to the character of the constructions, whether they operated immediately on their completion to afford plaintiffs a right of action, or that a right of action first arose when material injury was caused (*Howard Co. v. R'y, supra*), suit could have been brought in 1876, when the big overflow took place, or before that when the fences were swept away. As no suit was brought, nor any complaint made, within ten years after the right to sue for the injuries thus inflicted had accrued, it is demonstrable that both plaintiffs and their grantor acquiesced in the right of defendant to flood the land for the period necessary to bar an entry, thus creating a prescription which barred this suit when it was brought in 1894. R. S. 1889, sec. 6765; *Bird v. R'y*, 30 Mo. App. 365; *Ridley v. Seaboard & R. R. Co.*, 24 S. E. Rep. 730.

Aside from the preclusion of prescription in this case, plaintiffs are not entitled to recover under the facts in the record. The petition alleges negligence in the construction of a canal too small to carry off the waters accu-

PLEADING:
negligence:
proof.

mulated "in time of heavy rains and freshets." In order to prove this it was indispensable to establish by substantial evidence that the former bed of the river was adequate to this purpose, for it is self-evident that defendant could not be required to dig a canal of greater capacity to discharge water, than that afforded by the river bed, and that plaintiffs were not harmed if the substituted waterway furnished an outlet equal to that of the river, though both might be insufficient to discharge the waters. The only witness who referred to the relative capacity of the canal and river was Samuel C. Asbury, county surveyor, who stated in substance that the canal "was big enough to carry off the waters of the St. Francois river in ordinary years, and that the river itself was not big enough to carry off the water in big floods." The natural inference arising from this testimony is, that neither the canal nor the river bed afforded sufficient passageway for water "in time of heavy rains and freshets." It certainly afforded no just inference that the canal was less capable in this respect than the river. To show negligence on the part of the defendant it was essential that plaintiffs should prove inequality of the canal as an aqueduct compared with the river. The affirmative of this issue rested upon plaintiffs. As the record shows no evidence in discharge of that burden, but does show that the canal and embankment were constructed under a direct grant, by deed to the right of way, it is clear there is no basis upon which this recovery can be sustained. *Railway v. Walbrink*, 47 Ark. 330. The judgment will therefore be reversed. Judge BLAND concurs; Judge BIGGS dissents. He being of the opinion that the above judgment is opposed to the decision of the supreme court in *Howard County v. Railway*, 130 Mo. 652, asks that the case be

certified to the supreme court, which is accordingly done.

BIGGS, J. (*dissenting*).—The decision in this case is, that the plaintiffs' cause of action for the washing of the soil and the formation of ditches and drains on the land is barred by the statute of limitations, for the reason that the land began to overflow in 1876. This ruling can only be defended upon the grounds that as the canal was permanent and as it was *apparent* that the injuries now sued for would necessarily result from its construction, the cause of action for damages, both present and prospective, became complete upon the happening of the first injury, regardless of the character of such injury.

The question is, was it *apparent* at the time of the first overflow of the crops in 1876 that the damages which the plaintiffs suffered in 1890 would certainly result from the alleged faulty construction of the canal? If so, the injury was complete and all of the damages, both present and prospective, could have been immediately measured, and the overflow of 1876 furnished a starting point for the running of the statute of limitations, which would bar an action for subsequent damages not brought within the statutory period. On the other hand, if the injuries now complained of were contingent upon the uncertain action of the seasons or the uncertain effect of the waters upon the banks of the river, or the neglect of the defendant to prevent the banks from washing, then the statute of limitations as to the injuries now complained of did not commence to run until it became evident that such injuries would necessarily result. This I understand to be the doctrine of the recent case of *Howard County v. Railway*, 130 Mo. 652. Observing this rule, the conclusion reached by my associates can not be supported, unless

the evidence *conclusively* shows that the injuries now complained of must have *necessarily resulted* from the alleged faulty construction of the canal, and that this was *apparent* in 1876, when the first overflow of the crops occurred.   But there is no pretense that this is the condition of the proof, and the reversal of the judgment is not placed on such grounds, nor could it be if any attention be paid to the evidence.   The evidence of the plaintiffs is to this effect.   The canal was negligently cut so as to project the water squarely against the banks of the river, and by reason of this the banks at both ends of the canal washed away, thereby precipitating large bodies of water onto the plaintiffs' land, which washed away the soil and established channels or gullies thereon.   The first damage of this kind occurred in 1890, and at the time the suit was brought in 1894, the banks of the river at both ends of the canal had washed away to a considerable extent, and the plaintiffs' farm almost ruined.  The plaintiffs bought the farm of Tullock, who owned it at the time the canal was dug and lived on it until the spring of 1883.   Tullock is the only witness who testified to the nature of the damage to the land by the overflows of 1876 and 1879.   He said that the crops were destroyed by the overflow water, but that the soil was not washed and that no channels or gullies were formed.   Under this proof the inference is a fair one that this action of the waters on the banks of the river and the resulting damage to plaintiffs' land were not apparent and certain in 1876, and if so, any claim for damages therefor at that time would have rested on mere conjecture. Assuming these facts to be true, then as to the injuries complained of the nuisance was a continuing one, and the right to sue therefor did not accrue until it became manifest that such injuries would certainly result.

There may have been errors committed in the trial

of the case which call for a reversal of the judgment, but in any event I am of the opinion that the cause ought to be remanded. I also think that the opinion of the court is opposed to the decision of the supreme court in *Howard County v. Railway, supra.*