Robert P. VAN DYKE,
Plaintiff-Appellant,

v.

MAJOR TRACTOR & EQUIPMENT
COMPANY, INC.,
Defendant-Respondent.

No. KCD 28620.

Missouri Court of Appeals,
Kansas City District.

Aug. 29, 1977.

As Modified On Courts' Own Motion
Oct. 11, 1977.

Motion for Rehearing and/or Transfer
Denied Oct. 12, 1977.

Michael J. Maloney, Popham, Popham, Conway, Sweeney & Fremont, P. C., Kansas City, for plaintiff-appellant.

Roy A. Larson, Thomas R. Larson, Morris, Larson, King, Stamper & Bold, Kansas City, for defendant-respondent.

Before SHANGLER, P. J., and WELBORN and HIGGINS, Special Judges.

SHANGLER, Presiding Judge.

The plaintiff Van Dyke sued for personal injury allegedly caused by the negligent repair of his tractor by defendant Major Tractor & Equipment Company. The defendant Tractor Company had a jury verdict and the plaintiff appeals on the ground that Instruction No. 5 which submitted contributory negligence against him was erroneous.

The plaintiff had his tractor repaired by the defendant. The day after the tractor was returned Van Dyke discovered the tractor would not start, but after he inadvertently hit the safety starter switch wire with his foot, the tractor started. He also noticed that the gear shift indicator was inaccurate except for park, but the tractor was operable so he continued to use it. The tractor started properly about two-thirds of the time during the next month. When the tractor would not start, all Van Dyke had to do was to jiggle the safety starter switch with his fingers and at the same time press the starter button, and the machine would start.

About two months after the tractor was returned from repairs, Van Dyke attempted to start the machine while standing in front of the left rear tire and reaching across to the starter button on the right side. As he did so, he was aware he had been having trouble with both the ignition and gear indicator. Up to that time, nobody had told him not to use the tractor and he did not believe there was any danger in its use. He was aware, however, of the caution given in the manual for owners that the operator should always be seated on the tractor when the engine was started. When plaintiff reached across and pressed the starter button, the tractor started in low gear and the machine rolled over him.

The issue on this appeal is the propriety of Instruction No. 5 which submitted the contributory negligence of the plaintiff:

Your verdict must be for the defendant, whether or not defendant was negligent, if you believe:

First, plaintiff knew that the starting mechanism of the tractor was not working properly and that the gear indicator of the tractor was not working properly, and

Second, plaintiff nevertheless attempted to start the tractor while standing on the ground in front of the tractor wheel, and

Third, such conduct of plaintiff was negligent, and

Fourth, such negligence directly caused or contributed to cause any damage plaintiff may have sustained.

In addition to the contributory negligence instruction, defendant submitted Instruction No. 4 in the form of a general converse:

Your verdict must be for the defendant if you do not believe each proposition submitted to you in Instruction No. 3.

Instruction No. 3 submitted the theory of recovery for plaintiff, on the model of MAI 31.01, that defendant negligently furnished him a dangerous instrumentality.

The plaintiff attacks Instruction No. 5 on grounds that (1) the first paragraph sub-

mits conceded evidentiary detail and so violates Rule 70.01(e); (2) the use of *nevertheless* in the second paragraph is argumentative and also violates Rule 70.01(e); and (3) the submission of Instruction No. 5 in conjunction with general converse Instruction No. 4 improperly allowed the defendant two converse submissions and so unduly emphasized the element of plaintiff's knowledge of danger to the jury.

■ The current of this argument supposes that because Instruction No. 5 is not an MAI model it must be treated as a deviation from Rule 70.01(b) so that the burden to show that the submission caused no prejudice falls on the defendant, the proponent of the instruction. There can be no doubt that a party who changes an *applicable* MAI accepts the burden to show that no prejudice resulted from that deviation. *Brittain v. Clark*, 462 S.W.2d 153, 155[1, 2] (Mo.App.1970). The rule is different where there is no applicable MAI so that an instruction not in MAI must be given to fairly submit the issues. In such case the model may be modified and the standard of Rule 70.01(e) governs: that the *modification* instruction shall be "simple, brief, impartial, free from argument, and shall not submit to the jury or require findings of evidentiary facts." *Slagle v. Singer*, 419 S.W.2d 9, 13[4, 5] (Mo.1967).

■ Instruction No. 5 submits an affirmative defense in the form of a converse which requires independent evidence to submit it. There was no applicable MAI instruction and the presumption of prejudice for *deviations* under Rule 70.01(c) is inoperable. Cf. *Brown v. St. Louis Public Service Company*, 421 S.W.2d 255, 259[3] (Mo.banc 1967). Rather, the general rule controls which places the burden to show prejudice on the appellant. *Nibler v. Coltrane*, 275 S.W.2d 270, 277[11] (Mo.1955).

It is the argument of the plaintiff Van Dyke that to conform to the MAI standard that a modification shall not require findings of evidentiary facts, the first paragraph of Instruction No. 5 should have been omitted. This argument proceeds on the premise that there was no dispute the plain-

tiff knew the starter and gear indicator were not working properly, and that the contributory negligence, if any can be ascribed, was that he stood in front of the tire when he started the tractor. Thus, he concludes, the submission of such facts in the first paragraph was not fair to plaintiff, because the improper operation of the tractor had nothing to do with the likelihood that the machine would start in some gear other than park.

These arguments of formal defects miss altogether the substantive failure of Instruction No. 5 as a submission of contributory negligence. We respond to the plaintiff on his own terms because, in fairness, he must be bound to his own theory of law on appeal. The result is a curious contretemps. The plaintiff says that Instruction No. 5 is formally defective because it submits too much—the conceded element of his knowledge of the dangerous conditions. The defendant says that Instruction No. 5 submits enough because the knowledge of the plaintiff was an ultimate issue on contributory negligence and a jury issue. The substantive law says, however, that knowledge and appreciation of danger are not always the same, and knowledge of danger—even when conceded—does not relieve the need for contributory negligence to submit that the danger which caused the injury was also appreciated by the plaintiff.

The plaintiff is quite correct that his knowledge of the defective tractor mechanisms were conceded facts and so should not have been hypothesized to the jury. *Epps v. Ragsdale*, 429 S.W.2d 798, 802[8, 9] (Mo.App.1968). The defendant is also correct that an instruction must submit the ultimate issues of the case to the jury. *Schlegel v. Knoll*, 427 S.W.2d 480, 482[1] (Mo.1968). Contrary to the contentions of both plaintiff and defendant, however, that knowledge of the danger of injury was the ultimate fact for submission under the theory of Instruction No. 5, a submission of contributory negligence asserts that the plaintiff acted—or failed to act—with *knowledge and appreciation* of the danger of injury which his conduct entailed. *Bled-*

*soe v. Northside Supply & Development Company,* 429 S.W.2d 727, 732[5] (Mo.1968). Where the plaintiff admits knowledge and appreciation of the danger, a finding of that fact becomes unnecessary. *Weisman v. Herschend Enterprises, Inc.,* 509 S.W.2d 32, 37[3] (Mo.1974). That the plaintiff had knowledge of the general condition from which the danger arose, however, does not always mean he also appreciated the danger which caused his injury. *Davidson v. International Shoe Company,* 427 S.W.2d 421, 424[4, 5] (Mo.1968). In such a case, the element of appreciation of danger which his conduct involved must be given to the jury. *Koirtyohann v. Washington Plumbing & Heating Co.,* 471 S.W.2d 217, 221[6] (Mo. 1971).

■ Instruction No. 5 was defective in substance because it did not submit that plaintiff appreciated the danger to which his stance in front of the rear wheel exposed him when he started the tractor. That was a jury issue because, although he knew the starter mechanism was defective and sometimes required manipulation of wires and that the indicator failed to show which gear was engaged, his previous experience was that the tractor would only start when actually in the *park* position—whatever the indicator read—and had never moved forward from the start position without a further shift of gear. The jury was entitled to believe—or disbelieve—that from these general conditions of danger the plaintiff appreciated the risk of injury from the danger which actually brought it on. Instruction No. 5 did not submit that element of contributory negligence and so was erroneous. See: *Koirtyohann v. Washington Plumbing & Heating Co., supra.* The plaintiff may not have the benefit of that error, however, because he does not claim it. His motion for new trial, points on appeal and argument contend only that Instruction No. 5 was erroneous on other, formal grounds. Those are the grounds to which the Tractor Company responded, and those are the grounds which decide this review. *Del Monte Corporation v. Stark & Son Wholesale, Inc.,* 474 S.W.2d 854, 857[2, 3] (Mo.App.1971); *Speicher v. Dunn,* 530 S.W.2d 45, 46[1, 2] (Mo.App.1975).

■ This appeal comes down to hardly more than a matter of etiquette. There is no doubt that an MAI modification which submits conceded facts or other unnecessary evidentiary detail tends to error. That is the precept of Rule 70.01(e). That is because undue emphasis of evidence, confusion, and other unfairness which favor one litigant above the are bound to result. *Brittain v. Clark, supra,* l.c. 156[3]. It is useless, however, to assess Instruction No. 5 in terms of these ends because the submission simply does not state a valid theory of defense under the evidence. We can only speculate how the requirement that the jury find plaintiff had knowledge of the defects, when that proof was conceded, affected the decision for the defendant.

■ Were we to assume that Instruction No. 5 otherwise validly submitted contributory negligence, the sense of the contention plaintiff makes still is not apparent. That is because only two facts were submitted to the jury, the knowledge of defect and danger [paragraph first] and the position of the plaintiff in front of the rear tire as he started the machine [paragraph second], and *both* were conceded evidence. Thus, by the logic of MAI and his argument, the jury should not have been allowed to find either of these facts. On these terms, Instruction No. 5 would have been reduced to an abstract statement of negligence [paragraph third] and causation [paragraph fourth] without any reference to ultimate fact. That is, there would be no jury issue of contributory negligence but only cause for the court to declare the judgment for the defendant as a matter of law. 65A C.J.S. Negligence § 255(3), p. 866; *Cupp v. Montgomery,* 408 S.W.2d 353, 359[4, 5] (Mo.App. 1966). It was not unexpected, therefore, that the jury should return a verdict for the defendant on an instruction which submitted only facts already conceded against the plaintiff. The only justiciable element of fact which remained—the appreciation by plaintiff of the danger of his conduct— simply was not submitted. Thus, as it

stands, Instruction No. 5 does not state a valid proposition under the evidence. It gives a truncated, incomplete statement of contributory negligence. We cannot say paragraph first which submits the knowledge of danger, a fact not in issue, caused prejudice to the plaintiff.

The plaintiff contends that Instruction No. 5 was erroneous as an MAI modification in yet another respect, that *nevertheless* as used in paragraph second is argumentative and so violates Rule 70.01(e). The defendant attempted to submit that plaintiff stood in front of the rear wheel despite his knowledge of the improper working of the starter and so was contributorily negligent. The term *nevertheless* in paragraph second was obviously meant to recapitulate the submission of paragraph first as a predicate for the finding of paragraph second. For the reasons already given, we can only speculate how this term would affect an otherwise valid submission of contributory negligence. We do not reach that question.

Finally, the plaintiff contends that Instruction No. 5 was an impermissible second converse. That instruction submits the affirmative defense of contributory negligence. Instruction No. 4 submits a general converse and is modeled on MAI 33.13. These instructions are on different subjects and serve different purposes. No. 5 presents the defense theory affirmatively based on evidence. No. 4 denied that defendant was negligent, merely traverses the plaintiff's submission, and so requires no independent evidence to support it. A defendant may converse a verdict director in one of three ways [MAI 33.01 Converse Instructions—General Comment] without duplication as to any theory of recovery. *Murphy v. Land*, 420 S.W.2d 505, 507[1, 2] (Mo.1967). A defendant may join a converse with an affirmative defense instruction. That practice is allowed by MAI. *Fehlbaum v. Newhouse Broadcasting Corporation*, 483 S.W.2d 664, 666[5–7] (Mo.App. 1972); *Jefferson v. Biggar*, 416 S.W.2d 933, 939[4] (Mo.1967).

The judgment is affirmed.

All concur.