STATE of Missouri,
Plaintiff-Respondent,

v.

Richard Lewis HAMILTON,
Defendant-Appellant.

No. WD 31190.

Missouri Court of Appeals,
Western District.

July 8, 1980.

Erwin L. Milne, Stockard, Andereck, Hauck, Sharp & Evans, Trenton, for defendant-appellant.

R. E. Moulthrop, Pros. Atty. for Harrison County, Bethany, for plaintiff-respondent.

Before CLARK, P. J., and DIXON, J., and SOMERVILLE, J.

DIXON, Judge.

Defendant appeals from a finding of guilty and a fine of $25 for the misdemeanor offense of failing to park his vehicle as near to the right-hand side of the highway as practicable, in violation of § 304.015.1 RSMo 1978. The bench trial was a de novo trial before the circuit court after appeal from conviction by an associate circuit judge. The issue is whether the defense of emergency action is available to the defendant.

The Uniform Traffic Ticket charging the offense was issued after a collision between the defendant's tractor-trailer and a pickup truck, which resulted in the death of the driver of the pickup. There was considerable evidence the driver of the pickup had been drinking.

One Ramey was traveling east of Bethany, Missouri, on Highway 136 in his tractor-trailer. He pulled off on a gravel road heading south (in order to reach Prairie View grain elevator), and his vehicle got stuck because of snow in the road. About five to ten minutes later, defendant came by in his tractor-trailer, stopped, and the two of them decided that they would try to pull Ramey's vehicle out of the snow with defendant's vehicle.

Defendant maneuvered his tractor-trailer until the rear of the trailer was against the rear of Ramey's trailer. Defendant's tractor, at that point, was heading west on the eastbound lane of Highway 136, with its north side within three to four feet of the center line. The trailer was extending from behind the tractor at a forty-degree angle, across the shoulder of the eastbound lane and south on the gravel lane with its left side within a foot of a snow bank. Ramey testified that all of the lights on the tractor and trailer were on prior to the accident.

Ramey stated that he directed traffic with a flashlight while defendant backed into the gravel road, and that the two of them directed traffic after defendant's vehicle was in place against the immobilized tractor and trailer. Ramey had stopped only one car heading east, and defendant had stopped one car traveling west within three to four minutes of defendant's parking his vehicle. The two cars were still stopped, the one heading east immediately to the west (in front) of defendant's tractor, when a 1977 Ford pickup traveling east ran into and underneath the parked trailer. Ramey testified that after the impact, the tractor was moved closer to the center line of Highway 136, and the trailer was moved farther from the snowbank on the southwest side of the trailer.

A highway patrolman testified that the 1977 Ford pickup had been traveling from the west at approximately fifty to fifty-five miles per hour. There was no indication that the driver had tried to stop but, rather, that he had pulled off to the shoulder on the south apparently to avoid the vehicles on the road. The victim died before the trooper was able to talk with him.

The trooper stated that the tractor was against the center line when he arrived on the scene, and that there was no evidence of it having been moved on impact as stated by Ramey. He testified originally that there were no lights on defendant's trailer. However, on cross-examination, he admitted that he could not really remember whether or not there were lights.

Defendant admitted throughout the hearing the circumstances which had taken place. He asserted as a defense, however, that the circumstances presented an emergency or necessary situation by which his action was justified.

Defendant was found guilty and fined as previously stated. There is a single point on appeal: Defendant argues that his violation of § 304.015.1 RSMo 1978 was excusable by virtue of circumstances which necessitated his actions, *i. e.,* that stopping to aid a disabled vehicle was sufficient justification.

Section 304.015.1 RSMo 1978, in pertinent part, reads as follows:

1. All vehicles not in motion shall be placed with their right side as near the right-hand side of the highway as practicable, . . . .

This statute is part of the statutes commonly referred to as the "rules of the road."

■ It is true that the rules of the road are not absolute and that extenuating circumstances may excuse violations thereof. Civil cases have so held. *Stemme v. Siedhoff,* 427 S.W.2d 461 (Mo.1968); *Miles v. Gaddy,* 357 S.W.2d 897 (Mo. banc 1962); *McGuire v. Steel Transportation Co., Inc.,* 225 S.W.2d 699 (Mo.1950); *Miller v. Fink,* 387 S.W.2d 173 (Mo.App.1965); *Wines v. Goodyear Tire and Rubber Co.,* 246 S.W.2d 525 (Mo.App.1952); 61A C.J.S. *Motor Vehicles* § 588(c) (1970). And, there is recognition that stopping on a highway to render assistance to a disabled vehicle has been considered sufficient justification for a violation of the rules of the road by a minority of jurisdictions. 60 A C.J.S. *Motor Vehicles* § 330(d) (1969); 7 Am.Jur.2d *Automobiles and Highway Traffic* § 235 (1963). *Henry v. S. Liebovitz & Sons, Inc.,* 312 Pa. 397, 167 A. 304, 305 (1933), views such a use of the highway as necessary for the purposes of travel.

However, the more widely-held view, accepted by Missouri courts, is that circumstances which constitute sufficient justification for violation of traffic statutes are those which present a traveler with no reasonable alternative, compelling situations which amount virtually to the same thing as an "impossibility of compliance." Fischer, E. C., *Vehicle Traffic Law* 214 (1961). Missouri case law states that the rules of the road must bend for "unusual or emergency" situations and circumstances, that "[t]here may be exceptional circumstances . . . in which the peremptory command of the statutory rule of the road may be required to yield to other considerations [*e. g.,* brake failure, blowouts, swerving to avoid a collision, weather conditions, etc.]." (*Wines, supra* at 528).

■ The conditions involved in the case at hand do not present such a compelling situation that defendant was left without alternative courses of action nor was he without time to reflect on the alternatives. Defendant could easily have chosen to contact someone with a more appropriate vehicle for helping Ramey. Ramey's vehicle was not shown to be a continuing hazard for traffic, and the defendant could have easily picked up Ramey and taken him to another place for assistance. Rather, he chose to back his tractor-trailer onto the gravel road, blocking the eastbound lane sufficiently to prevent traffic from moving naturally. The risk created was undoubtedly the exact risk which the statute seeks to eliminate. Defendant's conscious, deliberate violation clearly does not fall within the category of emergency situations which excuse violations of the statutes. The judgment is affirmed.

All concur.