**Bennie D. WYATT and Beverly Wyatt, Plaintiffs-Appellants,**

v.

**SOUTHWESTERN BELL TELEPHONE COMPANY, Defendant-Respondent.**

**No. 11570.**

Missouri Court of Appeals, Southern District, Division Two.

March 4, 1981.

Motion for Rehearing or Transfer Denied March 25, 1981.

■■■■■■■■■■■■■■■■■■■■■■■■

———

Arch M. Skelton and Ted Von Willer, Jr., Springfield, for plaintiffs-appellants.

Glenn A. Burkart and Kim W. Reeves, Mann, Walter, Burkart, Weathers & Walter, Springfield, James E. Taylor and John W. Kelly, Jr., Kansas City, for defendant-respondent.

ALDEN A. STOCKARD, Special Judge.

Bennie D. Wyatt was injured when he fell on a sidewalk which was under the control of Southwestern Bell Telephone Company. In a suit by him and his wife for damages because of injuries received as a result of the fall the jury verdict was for defendant, and plaintiffs have appealed. For reports of earlier proceedings pertaining to this case, see *Wyatt v. Southwestern Bell Telephone Company*, 514 S.W.2d 366 (Mo.App.1974), and *Wyatt v. Southwestern Bell Telephone Company*, 573 S.W.2d 386 (Mo.App.1978).

On July 2, 1971, a sunshiny day, at about 9:15 o'clock in the morning Bennie Wyatt, a taxi cab driver, was dispatched to pick up an envelope at the office of Southwestern Bell Telephone Company at 600 St. Louis Street in the City of Springfield and deliver it to the telephone office at 3028 South Fremont. After parking his cab Mr. Wyatt walked up the sidewalk toward the door of the office building, and as he was "approaching the door [his] foot hit something, and [he] fell real hard there." At the time he was carrying the envelope in his left hand, and "just as [he] got up close to the door [he] started to raise it to see what it said on it, who [he] could take it to * * * [his] foot hit something hard and [he] fell * * *." After he got up he noticed that at the expansion joint in the walk between two slabs of concrete the slab nearest the door was higher than the other slab, and this was what caused him to fall. Mr. Wyatt testified that he was looking at the door, and that he did not look at the sidewalk. There also was evidence that although there were shadows on the sidewalk, the difference in elevation could be seen.

The sole issue on this appeal is the propriety of Instruction No. 4 which submitted the issue of contributory negligence on the part of Mr. Wyatt.

"INSTRUCTION NO. 4

"Your verdict must be for Southwestern Bell Telephone Company on the claims for damages of Bennie D. Wyatt and Beverly Wyatt if you believe:

"First, Bennie D. Wyatt failed to keep a careful lookout, and

"Second, had Bennie D. Wyatt done so, he should have seen that at their expansion joint, one sidewalk slab was higher than the other, and should have known that he might trip and fall if his foot would there contact the higher slab, and

"Third, Bennie D. Wyatt thereby failed to exercise ordinary care, and

"Fourth, such failure to exercise ordinary care directly caused or directly contributed to cause any damage Bennie D. Wyatt and Beverly Wyatt may have sustained."

■ Appellants' first challenge to this instruction is that it "failed to require a finding by the jury that plaintiff Bennie Wyatt had knowledge and appreciation, actual or constructive, of the danger of injury in attempting to traverse the deeply shaded defective sidewalk." Respondent, on the other hand, asserts that Paragraph Second required such finding.

It was held in *Koirtyohann v. Washington Plumbing and Heating Company*, 471 S.W.2d 217 (Mo.1971), that in a situation in which one's knowledge of general conditions from which danger arose is not necessarily knowledge and appreciation of that danger, then before one charged with contributory negligence can be convicted thereof, there must be a finding that he acted or failed to act with knowledge and appreciation, actual or constructive, of the danger of injury which his conduct involved. See also *Davidson v. International Shoe*, 427 S.W.2d 421 (Mo.1968); *Van Dyke*

*v. Major Tractor and Equipment Co.*, 557 S.W.2d 11 (Mo.App.1977); and *Bledsoe v. Northside Supply & Development Co.*, 429 S.W.2d 727 (Mo.1968).[1]

Appellants argue that there was no evidence from which it could be inferred that Mr. Wyatt had actual knowledge and appreciation of the danger of injury. We note that appellants do not contend in their point that Instruction No. 4 was not supported by the evidence. However, Mr. Wyatt did have constructive notice, that is, if he had looked he would have seen the defect. Paragraph Second hypothesized that if he had kept a careful lookout he should have seen the defect, see *Dorrin v. Union Electric Company*, 581 S.W.2d 852 (Mo.App.1979), and he should have known that he might trip and fall if his foot contacted the higher slab. It is true that Paragraph Second did not use the word "appreciate," but that is not required if other words that were used submitted such requirement. See for example, *Dorrin v. Union Electric Co.*, supra, at p. 855, where the contributory negligence submission was that the plaintiff "knew or by the use of ordinary care could have known there was a reasonable likelihood of injury to himself if his body contacted said wire." The word "appreciated" was not there used. To comprehend with knowledge is to appreciate. Websters Third New International Dictionary. The submission in Paragraph Second was that if he had kept a careful lookout he "should have known" that one slab of the sidewalk was higher than the other, and that he then "'should have known," that is comprehended, that he might trip and fall if his foot would have contacted the defect. Any reasonably intelligent juror would understand from Paragraph Second that the

jury was required to find that if Mr. Wyatt had looked he should have seen the difference in elevation of the slabs of concrete, and should have known, that is, comprehended and thus appreciated, that he might trip and fall if his foot contacted the higher slab.

We find no merit to the challenge to Instruction No. 4 made by appellants' first point.

Appellants' second and remaining point is that Instruction No. 4 "was violative of Supreme Court Rule 70.02(a) because it was not simple, not impartial, not free from argument and it required findings of detailed evidentiary facts." This point is deficient in that it does not comply with Rule 84.04(d), but in an exercise of judicial discretion we shall attempt to determine the precise contention by looking to the argument portion of their brief.

Appellants contend that the words "had Bennie Wyatt done so" in the first part of Paragraph Second "is a reference to the words 'failed to keep a careful lookout' in the previous paragraph," and that the "only logical, reasonable and plain meaning of the second paragraph of the instruction is an argument to the jury to the effect that even if the jury finds that Wyatt failed to keep a careful lookout he should have seen the defect in the sidewalk." Appellants then contend that Paragraph Second "in a clumsy and complicated way refers to the finding or a portion of the finding of the prior paragraph," and when one reads the words "had he done so" the question presented is, "had he done what?"

Appellants' complaint pertaining to the phrase "had he done so" is without merit.

1. All parties apparently agree that in the factual situation of this case a modification of MAI 32.01 was necessary to meet the requirements of *Koirtyohann v. Washington Plumbing and Heating Company*, supra, and we shall rule the issues on this appeal as though this were so. However, we doubt that any such modification of MAI 32.01 was required. The modification is required only in a situation where knowledge of the conditions from which danger arose is not necessarily knowledge and appreciation of that danger. If Mr. Wyatt had looked he would have seen the defect in the sidewalk, and therefore he would have had knowledge of the condition creating a danger, and knowledge of that defect would necessarily have constituted knowledge and appreciation of the danger of tripping and falling if his foot would contact the defect. See *Fehlbaum v. Newhouse Broadcasting Corporation*, 483 S.W.2d 664 (Mo.App. 1972); *Demko v. H & H Investment Company*, 527 S.W.2d 382 (Mo.App.1975); *Helfrick v. Taylor*, 440 S.W.2d 940 (Mo.1969); and *Rickman v. Sauerwein*, 470 S.W.2d 487 (Mo.1971).

The phrase is what is known as an ellipsis, and it is a common and sanctioned usage in writing and speaking. "Its function is to avoid tautology and to make language more vivid." *Parker v. Green*, 340 S.W.2d 435, 440 (Mo.App.1960). It is defined as the "omission of one or more words that are obviously understood but must be supplied to make a construction grammatically complete * * *." Websters Third New International Dictionary.

The ultimate test for the correctness of an instruction is whether it follows the substantive law and whether it will be correctly understood by a jury composed of average lay people. *Arthur v. Royse*, 574 S.W.2d 22 (Mo.App.1978); *Fairley v. St. Louis Public Service Company*, 389 S.W.2d 378 (Mo.App.1965); *Koirtyohann v. Washington Plumbing and Heating Company*, supra. The words "had he done so" clearly refers to something he did not do, that is, keep a careful lookout. Therefore, when the entire instruction is read, *Morris v. Continental Casualty Company*, 423 S.W.2d 42 (Mo.App.1967), it submits with reasonable clarity that (a) Bennie Wyatt failed to keep a careful lookout, and (b) had he kept a careful lookout he should have seen the defect.

Instruction No. 4 was not deficient for the reasons assigned in appellants' second point.

The judgment is affirmed.

PREWITT, P. J., and MAUS, J., disqualified.

HOGAN and BILLINGS, JJ., concur.