James HALL, Plaintiff-Respondent,

v.

COUNTY OF NEW MADRID,
Defendant-Appellant.

No. 12566.

Missouri Court of Appeals,
Southern District,
Division Three.

Dec. 10, 1982.

Motion for Rehearing Overruled and to
Transfer to Supreme Court Denied
Jan. 3, 1983.

Application to Transfer Denied
Feb. 23, 1983.

Joseph P. Fuchs, Dempster, Fuchs & Barkett, Sikeston, for plaintiff-respondent.

David G. Beeson, Buerkle, Lowes, Beeson & Ludwig, Jackson, for defendant-appellant.

PREWITT, Judge.

Plaintiff sought damages for personal injuries received when he fell partially through a bridge. A jury awarded him $15,000. Judgment was entered accordingly and defendant appeals.

Defendant's first point contends that the trial court should have directed a verdict in its favor because there was no evidence from which the jury could find that defendant was the owner of the bridge.

The evidence indicated that the bridge was built over a drainage ditch in the latter 1930's or the 1940's. It did not reflect who constructed it. Plaintiff offered uncontested evidence that county employees and county materials were used to keep it in repair from the 1940's until 1973. At least some of the repairs were made after one of the bridge's users would contact county highway employees or one of the county judges. During this period county employees also maintained the road leading to the bridge. In the 1960's substantial portions of the bridge were rebuilt by county employees with materials from the county material yard. In 1977 or 1978, while county employees were working on the road leading to the bridge, the foreman of the crew inspected the bridge and found it "dangerous". No "major" work was done to it thereafter. Since its construction the public had used the roads and the bridge. That continued at least to the date of plaintiff's injury.

■ Defendant does not deny that its materials and employees were used on the bridge, but contends that there was no showing that this was by authority of the county court. No documents or records were introduced which reflected that the bridge belonged to the county or that the county court had authorized the repairs. Apparently none existed. However, we do not see that such documents are required under the portion of § 228.190, RSMo 1978, on which plaintiff relies. While individual members of the county court can neither bind nor obligate defendant and while the county court can speak only by its record, *State ex rel. Pettis County v. Sloan*, 643 S.W.2d 618 (Mo.App.1982), the acts of the defendant in expending public money and labor, combined with sufficient public user may make the bridge public. With the length of time that repairs were made and the extensive materials used in work on the bridge, it is difficult to believe that these repairs were not authorized by the county court.

■ If the bridge had not initially been the county's it became such under § 228.-190, RSMo 1978, as the evidence clearly showed that the road and bridge had been

used by the public for ten years continuously and during that period there was expended public money and labor. See *Arrington v. Loehr,* 619 S.W.2d 888, 891 (Mo.App. 1981). See also *Howard County v. Chicago & A.R. Co.,* 130 Mo. 652, 32 S.W. 651, 652 (1895) (prescriptive title to bridge acquired by county). No proceedings had been initiated to vacate the bridge or the road of which it was a part,* and there was no clear evidence that either had been abandoned. See *Hedges v. County Court for Ray County,* 581 S.W.2d 73, 78 (Mo.App.1979). See also *Mueller v. Pittard,* 590 S.W.2d 111, 114 (Mo.App.1979). Point one is denied.

Defendant's second point contends that the evidence was insufficient to support plaintiff's submission instruction because there was no evidence (1) that defendant owned the bridge, or (2) that it was under any obligation to repair it, or (3) that the bridge was intended or available for public use. Defendant also claims that the instruction gave the jury a "roving commission" because it does not sufficiently set forth the elements that the jury must find to decide those three questions.

What we have said in discussing point one disposes of defendant's contention that the submission instruction was erroneous because there was no evidence that defendant owned the bridge. While defendant may not be forced to continue to maintain the bridge, see *Hoskins v. Shelby County,* 536 S.W.2d 1, 5 (Mo. banc 1976), by its actions in making the bridge public, the defendant assumed its maintenance, see *Langhammer v. City of Mexico,* 327 S.W.2d 831, 835 (Mo.1959), for which it may be liable when an injury directly results from a dangerous condition. § 537.600, RSMo 1978. It was obvious from the testimony and the work done to the bridge that it was intended for public use and available for that purpose. The evidence was sufficient to support the instruction.

Because the evidence was uncontested regarding the repair and use of the bridge, perhaps the paragraphs complained of in the submission instruction were not necessary, but even if we assume they were required, they were not erroneous for lack of detail. The instruction given was a modification of MAI 22.04 (1981). Where an MAI instruction must be modified or there is no applicable MAI instruction "then such modifications or such instruction shall be simple, brief, impartial, free from argument, and shall not submit to the jury or require findings of detailed evidentiary facts." Rule 70.02(e); *Van Dyke v. Major Tractor & Equipment Company, Inc.,* 557 S.W.2d 11, 13 (Mo.App.1977). An MAI modification which submits unnecessary evidentiary detail creates error because undue emphasis of evidence, confusion, and other unfairness which favor one litigant above the other can result. Id. 557 S.W.2d at 14. Point two is denied.

Defendant's third point asserts that the trial court erred in not granting its motion for new trial or a remittitur because the verdict was excessive. In reviewing the excessiveness of a verdict, only the evidence favorable to plaintiff should be considered. *Tennis v. General Motors Corporation,* 625 S.W.2d 218, 229 (Mo.App.1981). Plaintiff was 27 and working as a farm laborer when he fell. There was evidence that he received two ruptured discs for which surgery was necessary and a liver injury; that he had made between $3,000 and $3,800 a year previous to his injuries; that he was now permanently disabled from doing farm labor or other manual labor; that as a result of the injuries he incurred medical expenses of $6,350.73; and that further treatment for his injuries was necessary. Without going into additional detail it is apparent to us that the verdict was not excessive. This point is denied.

Defendant's fourth point contends the trial court erred in refusing an instruction it offered informing the jury that any award made to plaintiff "is not subject to Federal or State income taxes, and you should not consider such taxes in fixing the

---

* A bridge is a part of the road with which it connects. *Catron v. La Fayette County,* 106 Mo. 659, 17 S.W. 577, 580 (1891); 11 C.J.S. Bridges, § 3, p. 985.

**152**

amount of any award made to plaintiff". Aware that this district denied such a contention in *Tennis v. General Motors Corporation,* supra, 625 S.W.2d at 226–228, defendant urges us to reexamine that decision and "apply the rationale set forth" in *Gulf Offshore Company v. Mobil Oil Corporation,* 453 U.S. 473, 101 S.Ct. 2870, 69 L.Ed.2d 784 (1981) and *Norfolk and Western Railway Company v. Liepelt,* 444 U.S. 490, 100 S.Ct. 755, 62 L.Ed.2d 689 (1980). Citing *Blanchfield v. Dennis,* 292 Md. 319, 438 A.2d 1330 (1982), defendant contends that other states have reexamined their previous decisions and changed them in light of *Norfolk and Western* and *Gulf Offshore. Norfolk and Western* was discussed in *Tennis* and we find nothing in *Gulf Offshore* which causes us to believe that the reasoning in *Tennis* was erroneous. This point is denied.

 Defendant's final point contends that the trial court erred in not granting its motion for directed verdict because plaintiff was contributorily negligent as a matter of law. Plaintiff is guilty of contributory negligence as a matter of law when the only reasonable conclusion that may be drawn from the evidence and its reasonable inferences, viewed in the light most favorable to plaintiff, is that plaintiff was negligent and his negligence was the proximate cause of his injuries. *Jenkins v. Jordon,* 593 S.W.2d 236, 239–240 (Mo.App.1979).

Defendant asserts that plaintiff was negligent in walking on the decking rather than the runners of the bridge. There was no evidence that plaintiff knew that the bridge was rotted where he put his foot or that he had any indication that it was dangerous to walk on any part of it. Plaintiff admitted on cross-examination that the runners would be the safest place to walk on the bridge. However, that does not establish that he knew that any other portions of the bridge might be unsafe to walk upon. Nor was there evidence that the dangerous condition of the bridge was "open and obvious" as were the conditions in the cases relied on by defendant.

Plaintiff had just crossed the bridge with an automobile. If a vehicle could cross the bridge that would indicate that a person walking could do so. That there were safer places to walk than where he did does not establish that he knew or should have known that where he stepped was hazardous. The evidence does not establish that plaintiff was contributorily negligent as a matter of law. See *Nuckols v. Andrews Investment Company,* 364 S.W.2d 128, 137 (Mo.App.1962); *Clark v. Mississippi River and B.T. Ry.,* 324 Mo. 406, 23 S.W.2d 174, 177 (1929). Defendant's fifth point is denied.

The judgment is affirmed.

GREENE, C.J., and FLANIGAN and MAUS, JJ., concur.