**Sharlene Ludella VENABLE, Appellant,**

v.

**S.O.R., INC., and W.H. Lattner, III, Respondents.**

**WD 37583.**

Missouri Court of Appeals, Western District.

July 15, 1986.

Robert A. Griffey, Kansas City, for appellant.

Allen V. Hallquist, Kansas City, for respondents.

Before NUGENT, P.J., and BERREY and GAITAN, JJ.

GAITAN, Judge.

Appellant, Sharlene Venable, a pedestrian, sued respondents S.O.R. Inc., owner of the truck involved, and W.H. Lattner III, the driver, for damages for personal injuries sustained by her when she tried to cross a street behind respondent S.O.R.'s truck when it was backing up to exit a parking space. The jury found for defendants. Appellant alleges trial court error in the submission of respondents' non-MAI right-of-way instruction. The judgment of the trial court is affirmed.

Appellant, Venable filed this appeal under Rule 81.16 which states:

When an appellant desires only to have reviewed legal questions with respect to instructions given or refused and a review of the evidence is unnecessary to pass on those legal questions it is not necessary for the appellant to include the evidence in the record on appeal....

In addition to respondents' right-of-way instruction, appellant takes issue with respondents' closing argument during the trial. As this appeal was filed under R. 81.16, this court has no transcript to review and therefore will not consider that portion of appellant's argument.

The facts appear to be essentially undisputed. There was a jury trial held at which evidence was introduced that appellant Venable was trying to cross Baltimore Avenue, a one-way northbound street in Kansas City, Missouri, in the middle of the block behind the parked truck of respondent S.O.R., Inc. driven by respondent Lattner.

Appellant's petition asserted that respondents were negligent in several ways. However, the petition did not allege that respondent had a duty to yield the right-of-way to Venable and failed to do so. Appellant's verdict director submitted only failure to keep a careful lookout. Respondents submitted a verdict directing instruction which assessed a percentage of fault to plaintiff if they found that she failed to keep a careful lookout or failed to yield the right-of-way.

Venable's sole issue on appeal is that it was reversible error for the trial judge to submit respondents' modified right-of-way instruction and definition to the jury.

The trial court gave Instruction No. 9, respondents' verdict directing instruction:

You must assess a percentage of fault to plaintiff if you believe:

First, either: plaintiff failed to keep a careful lookout, or plaintiff failed to yield the right-of-way, and

Second, plaintiff was thereby negligent, and

Third, such negligence of plaintiff directly caused or directly contributed to cause any damage plaintiff may have sustained.

The trial court also defined "yield the right-of-way" in Instruction No. 10, which was also submitted by respondents:

The phrase "yield the right-of-way" as used in these instructions means that a pedestrian crossing a roadway at any point other than within a marked crosswalk or within an unmarked crosswalk at an intersection is required to yield to all vehicles upon the roadway.

Instruction No. 9 is based on M.A.I. 32.-01(2) (Modified), M.A.I. 17.05, and M.A.I. 17.08. Instruction No. 10 is based on M.A.I. 14.06 (Modified), § 300.390.1, RSMo 1978, and § 34.158(a), *Code of General Ordinances of Kansas City.*

Appellant argues that the legislature did not intend that the statute, § 300.390.1 RSMo 1978, would apply under the facts of this case. Section 300.390.1 states:

Every pedestrian crossing a roadway at any point other than within a marked cross walk or within an unmarked cross walk at an intersection shall yield the right-of-way to all vehicles upon the roadway....

She also contends that conflicting statutes required the defendants to yield the right-of-way to her. Appellant objected to respondents' right-of-way instruction but never requested that the trial court submit a right-of-way instruction for appellant or

any other instruction for that matter, except failure to keep a careful lookout.

■ Venable submits that various other state statutes and city ordinance sections indicate the intention of the legislature to prohibit the driver of a vehicle from backing unless it can be done with reasonable safety and without interfering with other traffic.

Section 300.335, RSMo 1978, *Limitations on Backing* is substantially the same as § 34.131 Kansas City Code: "The driver of a vehicle shall not back same unless such movement can be made with reasonable safety and without interfering with other traffic." Section 300.010.37, RSMo Cum. Supp.1984, and § 34.1 Code of General Ordinances of Kansas City, Missouri defines "Traffic" as: *"pedestrians,* ridden or herded animals, *vehicles,* streetcars and other conveyances either singly or together while using any highway for purposes of travel." [Emphasis added.]

Section 300.410, RSMo 1978, *Drivers to exercise the highest degree of care,* states:

Notwithstanding the foregoing provisions of Sections 300.155 to 300.410, every driver of a vehicle shall exercise the highest degree of care to avoid colliding with any pedestrian upon any roadway and shall give warning by sounding the horn when necessary and shall exercise proper precaution upon observing any child or any confused or incapacitated person upon a roadway.

Appellant did not request an instruction of her own outlining respondent's statutory duty when backing up. Venable has failed to show any substantial evidence to establish the applicability of any of the statutes on which she relies. *Cf. Yust v. Link,* 569 S.W.2d 236, 240 (Mo.App.1978). (Issue on appeal was whether there was substantial evidence of party's failure to yield the right-of-way.)

■ Venable relies on § 300.245 RSMo (1978) for the proposition that a vehicle may not go the wrong way on a one way street. This is the obvious meaning of the statute. However, appellant's interpreta-

tion strains common sense when she claims the statute prohibits a vehicle parked at the curb from backing a few feet in order to pull out into traffic. This argument has no merit.

No where in the MAI series of right-of-way instructions, Nos. 14.01–14.08, is there a reference to a collision between an automobile and a pedestrian. They all concern collisions at *intersections* between automobiles. These instructions are all based on Missouri statutes.

■ "A modification of an M.A.I. instruction constitutes error, its prejudicial effect to be judicially determined." R.70.-02(c). "All deviations from the straight and narrow path prescribed in MAI will be presumed prejudicially erroneous unless it is made perfectly clear that no prejudice has resulted." *Murphy v. Land,* 420 S.W.2d 505, 507 (Mo.1967); *Turley Martin Co. v. American Can Co.,* 661 S.W.2d 79, 81 (Mo.App.1983). The burden of establishing nonprejudice is on the proponent of the instruction. *Turley Martin Co.* 661 S.W.2d at 81.

" . . . [I]t is also judicially recognized that MAI instructions are not all encompassing and modification of MAI instructions may be appropriate under the facts of a particular case." *George v. Howard Const. Co.,* 604 S.W.2d 685 (Mo.App.1980). An appropriate non-MAI instruction need only be brief, simple, impartial and nonargumentative and the ultimate test of propriety of such an instruction is whether it follows the substantive law and is readily understandable by a jury composed of ordinary people. *Executive Jet Management v. Scott,* 629 S.W.2d 598 (Mo.App.1981). *Gipson v. Target Stores, Inc.,* 630 S.W.2d 107, 110 (Mo.App.1981); *Wyatt v. Southwestern Bell,* 613 S.W.2d 929, 932 (Mo.App.1981).

■ In the case at bar, defendant's Instructions No. 9 and No. 10 accurately state the statutory duty imposed by § 300.-390.1. It is generally sufficient for instructions to be in the words of the statute. *Horton v. State Farm & Cas. Co.,* 550 S.W.2d 806, 810 (Mo.App.1977). *Cumby v.*

*Farmland Industries, Inc.,* 524 S.W.2d 132, 135 (Mo.App.1975). Defendants' instruction No. 10 is taken substantially from § 300.390.1.

A case decided by the Missouri Supreme Court, pre-MAI, is somewhat similar to the case at bar. In *Ayres v. Keith,* 355 S.W.2d 914, 916 (Mo.1962), a pedestrian was crossing a busy intersection and stopped at a "midway" or safety zone when the light had turned red against him. The testimony differed but the defendant testified that the plaintiff ran into his lane of traffic from a zone of safety. There was another witness who testified to this also. The plaintiff alleged error in three of the jury instructions submitted by defendant.

Instruction No. 5 submitted by the defendant in *Ayres* partially quoted an ordinance which required that pedestrians yield the right-of-way to drivers lawfully proceeding on a green signal at intersections controlled by signals.

Defendant's Instruction No. 6 was a failure to exercise the ordinary degree of care negligence instruction. It also quoted in part another ordinance requiring that pedestrians crossing at any other place than a crosswalk "shall yield the right-of-way to drivers" and that it shall be unlawful not to do so. *Id.* at 918.

The basic theory of each instruction was that plaintiff was negligent because he walked from a position of safety. . . . against a red light and into a zone occupied by lawfully moving traffic. . . . [W]hile the two subsections of the ordinance differed somewhat in their precise provisions; the net result of each was that a pedestrian must not walk into a traffic lane where the traffic had the right of way. *Id.*

In *Ayres,* there was no question that the ordinances concerning pedestrian-automobile right-of-way were admissible as proper instructions defining the duties of pedestrians so long as they did not conflict with each other.

In the case at bar, appellant Venable does not dispute that there was sufficient evidence to support the two elements of

negligence in respondent's Instruction No. 9.

As mentioned earlier, appellant does not offer any support for her contention that "legislative intent" clearly indicates the right-of-way instruction submitted by respondent should not have been allowed.

Instruction Nos. 9 and 10 are proper instructions based on state statutes and a municipal ordinance. Appellant was at liberty to tender her own instructions based on the statutes she felt supported her claim. From the record this court has on review, she did not.

Appellant cites *State v. Hamilton,* 601 S.W.2d 693 (Mo.App.1980) in support of her claim that the court has the power to enlarge or narrow the letter of a statute to reflect the true intent of the legislature.

*Hamilton* concerned § 304.015.1 RSMo 1978 which reads in pertinent part:

1. All vehicles not in motion shall be placed with their right side as near to the right-hand side of the highway as practicable, ...

This statute is part of the statutes referred to as the "rules of the road."

"It is true that the rules of the road are not absolute and that extenuating circumstances may excuse violations thereof. Civil case have so held. [Citations omitted.] ... [T]he more widely-held view, accepted by Missouri Courts, is that circumstances which constitute justification for violation of traffic statutes are those which present a traveler with no reasonable alternative ... Missouri case law states that the rules of the road must bend for "unusual or emergency" situations and circumstances ... *Id.* at 695.

This case is not applicable to the issues raised in the case at bar. The appellant was not in an emergency situation which forced her to cross the street behind defendants' truck.

The judgment of the trial court is affirmed.